**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 05-97-JBC**

**BRUCE L. HATTON,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**UNITED PARCEL SERVICE,** **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion of the defendant, United Parcel Service ("UPS"), to dismiss the plaintiff's claim of wrongful discharge under Federal Rule of Civil Procedure 12(b)(6).[1]  The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion and dismiss the plaintiff's wrongful discharge claim to permit him to exhaust the grievance remedies set out in the collective bargaining agreement.

A dismissal under Rule 12(b)(6) can be granted only when the movant establishes beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and the factual allegations in the complaint must be taken as true.  *Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

---

[1] The plaintiff filed a sur-reply to the defendant's reply.  The rules do not permit such a filing without leave from the court.  No such leave was requested nor given.  Consequently, the court will not consider the arguments contained in the sur-reply.

In his complaint, the plaintiff, Bruce L. Hatton, makes three claims against UPS: (1) disability discrimination under KRS Chapter 344; (2) retaliation under KRS Chapter 344; and (3) wrongful discharge.   According to the plaintiff's response to the defendant's motion, his third claim is based on his right to be free from wrongful discharge due to the collective bargaining agreement's prohibition against discrimination.[2]   He asserts that this claim arises under section 301 of the Labor Management Relations Act ("LMRA").   Plaintiffs must exhaust all grievance remedies available through the applicable collective bargaining agreement.   *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563 (1976) (holding that an employee cannot "sidestep the grievance machinery provided in the contract . . . unless he attempted to utilize the contractual procedures for settling his dispute with his employer, his independent suit . . . would be dismissed.").   Since the plaintiff has failed to allege in his complaint that all administrative remedies have been exhausted regarding his claim for violation of the collective bargaining agreement, his third claim for relief must be dismissed for failure to state a claim.   Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss the plaintiff's third claim for relief is **GRANTED**.   The plaintiff's wrongful discharge claim is **DISMISSED WITHOUT PREJUDICE** to allow the plaintiff to exhaust all grievance remedies.

---

[2] The defendant argues that the plaintiff's two claims under KRS 344 are preempted by the LMRA.  This argument is incorrect.  An employee may pursue claims under the collective bargaining agreement while pursuing discrimination and retaliation claims.  *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974).  "Both rights have legally independent origins and are equally available to the aggrieved employee."  *Id.* at 52.

Signed on May 3, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY